UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM BOSS, M.D., on assignment of Thomas M., | Civil Action No.: _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| MERITAIN HEALTH, INC., | |
| Defendant. | |

William Boss, M.D. ("Plaintiff"), on assignment of Thomas M. ("Patient"), by way of Complaint against Meritain Health, Inc. ("Defendant"), asserts:

## THE PARTIES

1. At all relevant times, Plaintiff was a healthcare provider in the County of Bergen, State of New Jersey.

2. Upon information and belief, Defendant is primarily engaged in the business of providing and/or administering health care plans ("Plans") or policies ("Policies") and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

## FACTUAL ALLEGATIONS

3. This dispute arises from Defendant's failure to remit proper payment under the terms of their participant or insured's, i.e., Patient, Plan.

4. Specifically, Defendant failed to remit proper payment under the terms of the Patient's controlling Plan or Policy that govern or describe how payment is to be made.

5. On December 1, 2016, Plaintiff provided medically necessary and reasonable services to Patient.

6. Specifically, Patient underwent microsurgical neurolysis and isolation of the superior division of the facial nerve, inferior division of the facial nerve with isolation and microsurgical neurolysis of the cervical branch of the left facial nerve, the marginal mandibular branch of the left facial nerve, the zygomaticus branch of the left facial nerve, and the frontal branch of the left facial nerve, with application of a neural tube to the superior division of the facial nerve including the zygomaticus and frontal and buccal branches as well as application of the neural tube to the inferior division and the marginal mandibular branch and the cervical branch as well as the complex repair of 12cm facial wounds.

7. Patient transferred all of his rights to benefit payments under his insurance plan, as well as all of his related rights under the Employee Retirement Income Security Act of 1974 ("ERISA"), to Plaintiff.

8. To the extent Patient's Plan was governed by and subject to ERISA, Plaintiff is enabled to bring this action by virtue of the assignment.

9. Plaintiff is an on-out-network provider as to the Plan at issue.

10. Defendant granted an in-network exception prior to the surgery under reference number 3741379.

11. Patient was referred to Plaintiff by Dr. Rosen for his microsurgical expertise and training in microvascular surgery.

12. Plaintiff prepared a Health Insurance Claim Form ("HICF") formally demanding reimbursement in the amount of $128,100.00 from Defendant for the medically necessary and reasonable services rendered to Patient.

13. Defendant, however, only allowed reimbursement totaling $17,578.00 for the above-referenced treatment.

14. Plaintiff exhausted the applicable administrative appeals process maintained by Defendant prior to bringing this action.

15. Defendant failed to remit appropriate payment in response to Plaintiff's appeal.

16. Upon information and belief, Defendant is, at a minimum, the Claims Administrator for the applicable Plan for Patient.

17. Taking into account any known deductions, copayments, and coinsurance, Defendant's reimbursement amounts to an underpayment of $110,522.00.

18. Accordingly, Plaintiff brings this action for recovery of the outstanding balance and Defendant's breach of fiduciary duty.

## COUNT ONE

**FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)**

19. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-18 of this Complaint and incorporates same by reference hereto.

20. Plaintiff avers this Count to the extent ERISA governs this dispute.

21. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a Plan.

22. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient

23. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

24. Plaintiff is entitled, by virtue of the assignment of benefits, to recover benefits due to Patient under any applicable ERISA Plan and Policy.

25. Upon information and belief, Defendant has failed to make payment pursuant to the controlling Plan or Policy.

26. Plaintiff also alleges that Defendant's decision to deny reimbursement was wrongful.

27. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a. For an Order directing Defendant to pay to Plaintiff $110,522.00;

    b. For an Order directing Defendant to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendant;

    c. For compensatory damages and interest;

    d. For attorneys' fees and costs of suit; and

    e. For such other and further relief as the Court may deem just and equitable.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY UNDER
### 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a)

28. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-27 of this Complaint and incorporates same by reference hereto.

29.     29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

30.     Plaintiff seeks redress for Defendant's breaches of fiduciary duty and/or breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a).

31.     29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

32.     Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1)

33.     29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

34.     Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration

of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

35. Here, when Defendant acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

36. Here, Defendant breached its fiduciary duties by:

1. Failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations;

2. Participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

3. Failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and

4. Wrongfully withholding money belonging to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. For an Order directing Defendant to pay to Plaintiff $110,522.00;

b. For an Order directing Defendant to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendant;

c. For compensatory damages and interest;

d. For attorneys' fees and costs of suit; and

e. For such other and further relief as the Court may deem just and equitable.

## **TRIAL COUNSEL DESIGNATION**

    Daniel C. Nowak, Esq., is hereby designated as Trial Counsel in the above matter.

Dated: Paramus, New Jersey
        December 29, 2017

                                        Respectfully submitted,

                                        CALLAGY LAW, P.C.

                      By:   */s/ Daniel C. Nowak*
                                        Daniel C. Nowak, Esq.
                                        Mack Cali Centre II
                                        650 From Road – Suite 558
                                        Paramus, New Jersey 07652
                                        Phone: (201) 261-1700
                                        Fax: (201) 549-6244
                                        E-mail: dnowak@callagylaw.com

                                        *Attorneys for Plaintiff, William Boss, M.D.*